**Samuel L. JULIAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12791.**

United States Court of Appeals
Sixth Circuit.

Aug. 17, 1956.

Milton R. Henry, Pontiac, Mich., for appellant.

Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich. (Fred W. Kaess, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal presents important questions as to the effect of stipulations made by defendant's [1] counsel in a criminal case involving felonious intent, which stipulations under the record were considered by the court to be equivalent to a plea of guilty.

1. The parties will be denominated as in the court below.

The case arises out of the following facts, concerning which there is no controversy:

On August 19, 1954, defendant was classified by Local Selective Service Board No. 65 of Oakland County, Michigan, as a conscientious objector to military service. No appeal was taken from this classification and the Local Board assigned defendant to the Northville State Hospital at Northville, Michigan, for the performance of civil work contributing to the maintenance of national health, safety, or interest. It was charged in an information that defendant willfully refused to obey the order of the Local Board, in violation of 50 U.S.C. App., Sections 456(j) and 462(a), 50 U.S.C.A.Appendix, §§ 456(j), 462(a). Defendant, who was represented by counsel, entered a plea of not guilty. On hearing in open court, jury trial having been waived, defendant was held guilty by the court and sentenced to imprisonment for three years. Prior to the finding of the court the following stipulations and statements were made by defendant's attorney: that (1) defendant was ordered by the Local Selective Service Board to report to the Northville State Hospital as charged in the information; (2) defendant is within an age covered by the Selective Service Act and resides in an area over which Local Board No. 65 of Pontiac, Michigan, has jurisdiction; (3) defendant "had knowledge that he was ordered to report" and he "failed to report out there * * * he intentionally failed"; (4) "We have no defense to offer to this case"; that both the district attorney and counsel for defendant are "in agreement that the Government has established a prima facie case, and that we are unable to upset it." (5) "we have no defense to offer to their case * * * We do not even wish to put the defendant on the stand." The court found defendant guilty as charged. Upon hearing of motion to admit defendant to bail the court stated:

"The facts which constituted a prima facie case were stipulated by counsel in open court in the trial of that case, and one of the facts so stipulated was that the defendant intentionally failed to report for work. The defendant offered no defense whatever, and it was stated on the record, as I recall it, that the Government had established a prima facie case."

The court later stated that "where the defendant has appeared for trial and has offered no defense whatever, and admits by stipulation in open court the pertinent facts, and admits that the Government has established a prima facie case, it is equivalent for all facts and purposes to a plea of guilty."

The principal question presented is whether defendant was denied a fair trial under the federal Constitution where the trial court found defendant guilty in accordance with a stipulation made by his attorney that defendant had willfully refused to report for national service as ordered by a Local Selective Service Board without the court first interrogating defendant personally as to the truth of the facts stipulated.

■■ The government contends that defendant's attorney did not plead his client guilty. It is difficult to see what other facts the attorney could have admitted in order to stipulate away any possible defense. So far from presenting merely a prima facie case in favor of the government, the statement that defendant intentionally failed to report abandoned the essential defense of lack of criminal intent, a vital feature of the case. A willful failure to report to the local draft board involves the element of criminal intent, which must be proved beyond a reasonable doubt in a prosecution for violating this statute. United States v. Weiss, 2 Cir., 162 F.2d 447, certiorari denied 332 U.S. 767, 68 S.Ct. 76, 92 L.Ed. 352. Taken together with the other stipulations of fact the practical effect of the attorney's admissions was, as the court stated, to plead his client guilty.

At common law it was required that a defendant in a felony case plead in person. His attorney could not plead him

guilty. 14 Am.Jur. 944, Note 14 and cases cited; 23 C.J.S., Criminal Law, § 904, p. 137. An exception to the general rule exists when defendant is present and indicates his approval or acquiescence in the plea. State ex rel. Conway v. Blake, 5 Wyo. 107, 38 P. 354, 110 A.L.R. 1300; United States v. Denniston, 2 Cir., 89 F.2d 696, 110 A.L.R. 1296. In this case it is not contended that defendant acquiesced in or approved of the stipulations of defense counsel.

■ Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., reads as follows:

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

This is a restatement of previously existing law and practice. Fogus v. United States, 4 Cir., 34 F.2d 97. A plea of guilty, unlike a mere admission or extrajudicial confession, admits every material fact charged and should not be accepted by the court unless made voluntarily after proper advice by counsel and with full understanding of the consequences. Johnson v. Commonwealth, 254 Ky. 775, 777, 72 S.W.2d 472. In order to comply with the rule the District Court need not follow any particular ritual. The prerequisite is that the defendant understands the consequences of the plea, United States v. Swaggerty, 7 Cir., 218 F.2d 875. A brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge. United States v. Davis, 7 Cir., 212 F.2d 264. Here the judge neither questioned defendant as to intent, as to whether he had willfully violated the order, as to whether he pleaded guilty, nor discussed the matter with defendant in any way.

■ We think the judgment of conviction must be reversed. The element of felonious intent essential to conviction could not be stipulated by counsel. The admission on this point was a statement as to defendant's mental attitude and purpose. It constituted the controlling issue in the case and counsel's stipulation thereon could not form the basis of a valid conviction. People v. Hall, 86 Mich. 132, 48 N.W. 869. The conclusion as to the existence or non-existence of criminal intent was to be drawn by the trier of the facts. Moreover, the judge should have determined whether defendant personally admitted felonious intent. Since he considered that the stipulations amounted to a plea of guilty, he should have inquired whether defendant understood the charge and voluntarily acquiesced in the stipulations. Such action would have complied with Rule 11.

■ Another question is raised by the fact that a representative from Selective Service, Col. Stahl, was present at the meeting of the Michigan Local Board which selected the type of work defendant was ordered to do under the statute. This circumstance is claimed to violate the provision of 50 U.S.C.App. Section 460(b) (2) and (b) (3), 50 U.S.C.A.Appendix, § 460(b) (2, 3), which specifically limits the President's right to use members of the armed forces in the administration of the civilian local boards. Giese v. United States, 79 U.S.App.D.C. 126, 143 F.2d 633. Assuming that the question of the classification of service was one with respect to inclusion for, or exemption or deferment from, training and service under 50 U.S.C.App. Section 460(b) (3), 50 U.S.C.A.Appendix, § 460(b) (3), this record does not show that the presence of Col. Stahl in any way limited the authority of the civilian local board to hear the case or deprived it of independent judgment. Cf. United States v. Diercks, 7 Cir., 223 F.2d 12. Concededly the Colonel took no part in the classification of defendant as a conscientious objector, and his only participation

at the meeting, as shown by this record, was to call defendant's attention to the penalty for violation of the Act. This did not constitute a violation of the statute cited.

For error of the District Court in basing conviction on a stipulation of criminal intent by defendant's attorney, and for failure to give defendant the protection of Rule 11 of the Federal Rules of Criminal Procedure, the judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.