Commonwealth *v.* Overton, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Burton A. Rose,* and *Peruto, Ryan & Vitullo,* for appellant.

*Francis C. Barbieri, Jr., Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., December 1, 1975:

Appellant was sentenced to two concurrent terms of not less than three years and not more than six and one half years imprisonment following conviction of robbery, aggravated robbery and conspiracy following a nonjury trial before Judge PORTER. Motions for a New Trial and In Arrest of Judgment were denied and sentence imposed on April 23, 1975. This appeal followed in which appellant raises a single ground for a new trial which we find to be without merit. We therefore affirm.

The charges out of which this case arises resulted following the armed robbery of Butler's Cleaners, Philadelphia, by two black males at about 4:30 p.m. on February 17, 1973. Leroy Wesley, the Commonwealth's only witness, testified that he, Tenni James (now deceased)

and appellant developed a plan to rob Butler's Cleaners in which appellant acted as an "inside man." Wesley testified as to the events leading up to and following the robbery, indicating his own participation and that of appellant and Tenni James. The defense presented no testimony.

Prior to the testimony of Leroy Wesley a stipulation was entered concerning the testimony of Gene Pollock, the owner of Butler's Cleaners. Appellant's contention here is that the stipulation entered into by his trial counsel violated his right to confront witnesses because no colloquy appears of record reflecting his consent to the stipulation.

Appellant relies on *Commonwealth v. Davis*, 457 Pa. 194, 322 A.2d 103 (1974) in support of his argument that the evidence admitted by stipulation was so damaging that it should not have been accepted by the court below without a colloquy surrounded by safeguards similar to those attending the entry of a guilty plea.

The record shows that the stipulation appellant complains of was entered as follows:

"Mr. Hoffman: Your Honor, the first witness would be by stipulation, Mr. Gene Pollock, who would testify that he is the owner of Butler's Cleaners located at 4232 Germantown Avenue, and that on the 17th of February, 1973, he was the owner of Butler's Cleaners, and he reported at 4:30 p.m. his store was held up and robbed at point of gun by two Negro males who took $300.00 in U.S. currency. He would also testify that the defendant, Douglas Overton, at that time was an employee of his at Butler's Cleaners."

The thrust of appellant's argument is that *Commonwealth v. Davis*, supra, requires that any stipulation as to evidence which is potentially damaging to a defendant in any manner must be surrounded by an extensive on-record colloquy demonstrating appellant's understanding of the consequences of the stipulation and his knowing

and voluntary consent thereto. Appellant's interpretation of *Davis* would compel the trial court to conduct a colloquy each time counsel for the defendant chooses as a matter of trial strategy to concede a fact which is pertinent to proof of the offense charged. A careful reading of *Davis* reveals that no such requirement is set forth therein. The *Davis* decision relates only to a particular situation in which the stipulation involved is *so damaging* that it *constitutes an admission of guilt.* The *Davis* reasoning is that where the stipulation amounts to an admission of guilt, it is analogous to a guilty plea and should therefore be surrounded by guilty plea safeguards.[1]

No suggestion may be found in *Davis* that the decision applies to a factual situation other than one in which the stipulation is "... in fact a stipulation of guilt, despite appellant's plea of not guilty." *Commonwealth v. Davis*, supra at 196-97, 322 A.2d at 105. Moreover, examination of the decision cited in support of the reasoning in *Davis*, *Julian v. United States*, 236 F.2d 155 (6th Cir. 1956), compels no different conclusion. *Julian* involved a situation where "[t]aken together with the other stipulations of fact the practical effect of the attorney's admissions was ... to plead his client guilty." *Id.* at 157. The *Julian* court, as did the Court in *Davis*, concluded that under those particular circumstances a colloquy should have been conducted, similar to that required if a guilty plea had been entered.

The instant stipulation is dissimilar from those found in *Davis* and *Julian* in that it does not constitute the

---

1. This conclusion did not lead the *Davis* Court to reverse appellant's conviction. The Court looked at the record of the Post Conviction Hearing Act proceedings to determine if appellant's decision regarding the stipulation was a knowing and understanding one. The hearing record revealed that appellant's attorney had discussed the proposed stipulation and its consequences with appellant and that he had consented to it. The conviction was therefore upheld.

equivalent of an admission of guilt by appellant. In *Davis*, it was stipulated that if the victim had been present he would have testified that the defendant was one of two men who robbed him at gunpoint. By giving up his right to confront and attempt to discredit that witness's clearly incriminating testimony, appellant in *Davis* virtually conceded that he was one of the robbers. In *Julian*, a prosecution for willfully refusing to obey an order of a local selective service board, it was stipulated and statements were made by counsel that defendant admitted the pertinent facts and that the Government had established a prima facie case. Both the *Julian* and *Davis* stipulations were thus clearly incriminating.

In the case at bar the stipulation in no way incriminated appellant. It merely established that a robbery was committed and that appellant was at that time an employee of the premises robbed. There was no admission of facts implicating appellant in the commission of the robbery; the stipulation did not identify appellant as one of the perpetrators of the crime nor did it specifically place him at the scene at the time and place thereof. Unlike the *Davis* and *Julian* stipulations, appellant's guilt of robbery could not be inferred from the stipulation entered here. Consequently, it was not the equivalent of a guilty plea and no requirement for guilty plea safeguards was present.

Judgment affirmed.