384 A.2d 942

**COMMONWEALTH of Pennsylvania**

v.

**David BRIDELL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 13, 1978.

Donald M. Moser, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

604

JACOBS, President Judge:

Appellant David Bridell was found guilty by a judge sitting without a jury of rape[1] and simple assault.[2] Post-trial motions were filed and denied on December 23, 1976, and appellant was sentenced to six to twelve years imprisonment on the rape conviction; a sentence of one to two years on the assault conviction was made to run consecutive to the rape sentence. In this direct appeal, appellant contends that he was deprived of his constitutional right of confrontation and that the Commonwealth failed to prove his guilt beyond a reasonable doubt. We find appellant's contentions to be without merit and, therefore, affirm.

The facts giving rise to the charges against appellant were summarized by the trial court as follows:

"[O]n April 2, 1976 the defendant was alone with the complainant in her apartment when he started to make advances and, as a result, complainant asked him to leave (N.T.24). The defendant then became violent, forced the complainant into the bedroom, pinned her to the bed and ripped off her clothes (N.T.24, 25, 26). He struck her and forced her to have sexual intercourse with him (N.T.28)."

Lower Court opinion at 3.

Prior to the testimony of Karen Bold, the complainant, certain evidence was introduced by stipulation between defense counsel and the district attorney. Appellant now contends that the admission of these stipulations at trial, without an on-record colloquy reflecting his understanding of the consequences of the stipulations and his consent thereto, violated his right to confront the Commonwealth's witnesses against him. We, however, disagree.[3]

1. The Crimes Code, 18 Pa.C.S. § 3121.

2. The Crimes Code, 18 Pa.C.S. § 2701.

3. Trial counsel is also representing appellant on this appeal. The Commonwealth argues that appellant's counsel agreed to these stipulations at trial and now, in effect, is asserting his own ineffectiveness for entering into them without his client's consent or, alternatively, for failing to adequately advise appellant that he was waiving his confrontation rights. According to the Commonwealth, this situa-

In *Commonwealth v. Davis*, 457 Pa. 194, 322 A.2d 103 (1974), our Supreme Court recognized that testimony entered by counsel's stipulation may be so damaging that admission of the stipulation at trial must be surrounded by safeguards similar to those attending the entry of a guilty plea. There, it was stipulated that the complaining witness, if present at trial, would have testified that the defendant was one of two men who had robbed him at gunpoint. The Court concluded that counsel's stipulation to this testimony placing his client at the scene of the crime and naming him as a participant therein was the equivalent to an admission of guilt by the defendant, despite his plea of not guilty. By stipulating to the testimony that would have been offered by the complaining witness, appellant gave up the opportunity to cross-examine that witness and to attempt to discredit his incriminating testimony. Under the circumstances of that case the stipulation made a not guilty verdict highly unlikely. Therefore, an on-record colloquy, demonstrating defendant's understanding of the consequences of the stipulations, and his consent thereto, was deemed necessary.

■ *Davis*, however, does not require a trial court to conduct an on-record colloquy whenever defense counsel stipulates to evidence which is potentially damaging to his client. As we stated in *Commonwealth v. Overton*, 237 Pa.Super. 222, 352 A.2d 105 (1975),

"The *Davis* decision relates only to a particular situation in which the stipulation involved is *so damaging* that it *constitutes an admission of guilt*. The *Davis* reasoning is that where the stipulation amounts to an admission of guilt, it is analogous to a guilty plea and should therefore be surrounded by guilty plea safeguards." *Id.* 237 Pa.Super. at 225, 352 A.2d at 106 (emphasis in original) (footnote omitted).

tion gives rise to a *per se* conflict of interest. Because we find that an on-record colloquy was not required in the instant case, we need not decide whether trial counsel should be foreclosed from attacking these stipulations on appeal. *Cf. Commonwealth v. Matt*, 249 Pa.Super. 98, 375 A.2d 777 (1977).

The test, essentially, is whether the stipulation in question makes "the outcome [of the trial] a foregone conclusion." *Commonwealth v. Davis*, supra 457 Pa. at 197, 322 A.2d at 105. *See Julian v. United States*, 236 F.2d 155 (6th Cir. 1956).

In *Overton*, the stipulation did not implicate the defendant in the commission of the crime; it merely established that a crime, in fact, had been committed. Since defendant's guilt could not be inferred from the stipulation there entered, we concluded that an on-record colloquy was not required.

The instant case is controlled by our decision in *Overton*. Initially we recognize that the stipulations as to: (1) the color of Ms. Bold's bedspread, (2) the discovery of a used tampon next to her bed, (3) the presence or absence of spermatozoa in semen stains and (4) the result of a medical examination performed at the Philadelphia General Hospital *in no way incriminated appellant*; his guilt clearly could not be inferred therefrom. Moreover, while the testimony of a security guard, entered by stipulation, tended to establish that Ms. Bold had been with a "black male" on the evening of the rape, the testimony did not identify appellant as that man or specifically place him at the apartment building.

Significant here is the fact that appellant did not relinquish the opportunity to cross-examine the complainant for purposes of attacking her credibility; that alone would serve to distinguish this case from *Davis*. Rather, Ms. Bold testified at trial and was subjected to extensive cross-examination. The stipulations primarily involved her prior statements to the police and were used by defense counsel in an attempt to impeach the witness's trial testimony. Appellant, therefore, cannot prevail on his claim that the stipulations denied him the right to confront this witness.

It was also stipulated that Ms. Bold's boyfriend would testify that she had telephoned him and told him that appellant had raped her. There can be no doubt that this stipulation incriminated appellant. However, we are satisfied that little would have been gained by having the boyfriend take the stand at trial. It was not the boyfriend's

credibility that was at issue. Rather, the weight to be given his statement depended upon the believability of Ms. Bold. And, as we noted above, she testified at trial and was subjected to cross-examination.

■ We conclude, after careful review, that appellant's guilt could not be inferred from the stipulations entered here and, more importantly, that his right to confront the complaining witness was not violated. Under these circumstances, an on-record colloquy was not required.

■ Appellant also challenges the sufficiency of the evidence to sustain the convictions. He urges us to conclude, *as a matter of law*, that Ms. Bold's testimony was not worthy of belief. That, however, we cannot do. In judging the sufficiency of the evidence, we do not retry the case. It is the exclusive function of the factfinder to assess the credibility of witnesses and determine the weight to be accorded their testimony. *E. g., Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977); *Commonwealth v. Nau*, 473 Pa. 1, 373 A.2d 449 (1977).

Here, the trial judge, as factfinder, concluded that any inconsistencies between Ms. Bold's trial testimony and prior statements to the police were minor and the result of "justifiable confusion and fatigue." And, as the Commonwealth points out, the inconsistencies related only to how she met appellant the night she was raped and how he gained access to her apartment; they did not concern the circumstances of the rape and the assault themselves.

The factfinder resolved the question of credibility in favor of Ms. Bold. We will not substitute our impressions for those of the trial judge.

Judgment affirmed.

SPAETH, J., concurs in the result.

HOFFMAN, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.