J-S01013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GARY WILSON, | : | |
| | : | |
| Appellant | : | No. 3337 EDA 2014 |

Appeal from the Judgment of Sentence July 19, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No:  CP-51-CR-0011361-2008

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED FEBRUARY 03, 2016**

Gary Wilson ("Wilson"), *pro se*, appeals from the judgment of sentence entered after a jury convicted him of persons not to possess firearms.[1]  We affirm.

The trial court set forth the relevant procedural and factual history in its Pa.R.A.P. 1925(a) Opinion.  **See** Trial Court Opinion, 5/11/15, at 1-3.[2] We incorporate the court's recitation herein by reference.  **See id.**

On appeal, Wilson presents the following issues for our review:

  I. Did the trial judge violate [Wilson's] Fifth and Fourteenth Amendment rights to due process of law when the judge

---

[1] **See** 18 Pa.C.S.A. § 6105(a)(1) (providing, in relevant part, that "[a] person who has been convicted of an offense enumerated in subsection (b) … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth."); **see also id.** § 6105(b).

[2] We additionally note that Wilson's counsel had stipulated that, at the time of the offense, Wilson had a prior conviction for an offense enumerated in 18 Pa.C.S.A. § 6105(b).  **See** N.T., 5/7/13, at 19; **see also id.** at 101.

told the jury, in advocacy for the District Attorney, that [Wilson] had a firearm in his possession[,] and failed to give an on[-]the[-]record colloquy to ascertain whether or not [Wilson] agreed to … the stipulations and the consequences of introducing drugs and [Wilson's] prior bad acts to the jury?

II. Did the prosecutor violate [Wilson's] Fifth and Fourteenth Amendment rights to due process of law when the prosecutor expressed h[er] personal belief as to [Wilson's] guilt and introduced drugs to the jury to divert the jury from its duty to decide the case on the evidence, [and] introduced prior bad acts?

Brief for Appellant at 4 (capitalization omitted).[3, 4]

Wilson first argues that the trial court committed reversible error by making a comment during its jury instructions that was so prejudicial that it deprived him of a fair trial. *See id.* at 7. Specifically, Wilson points to the trial court's following remark: "Wilson has been charged with a single offense, and that is a person who is not able to possess, use, manufacture, control, sell, or transfer a firearm, **he**, nonetheless, had a firearm in his possession." *Id.* (quoting N.T., 5/7/13, at 168) (emphasis added by Wilson). According to Wilson, the trial court's prejudicial remark "improperly invaded the province of the jury[,]" and entitles him to a new trial. Brief for Appellant at 8 (citing **Commonwealth v. Goosby**, 301 A.2d 673, 674 (Pa. 1973) (stating that "[a] new trial is required when the remark is

---

[3] In his two issues, Wilson conflates several distinct sub-issues, most of which he preserved in a separate portion of his *pro se* Pa.R.A.P. 1925(b) Concise Statement. Accordingly, we will address each separately.

[4] We note, with displeasure, that the Commonwealth did not file a brief on appeal, despite having requested, and received, two extensions of time.

prejudicial[,] that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial." (emphasis omitted)).

> [W]hen reviewing jury instructions for error, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Sepulveda*, 55 A.3d 1108, 1141 (Pa. 2012) (citation and internal quotation marks omitted); *see also Commonwealth v. Hansley*, 24 A.3d 410, 420 (Pa. Super. 2011) (stating that "[a] faulty jury charge will require the grant of a new trial only where the charge permitted a finding of guilt without requiring the Commonwealth to establish the critical elements of the crimes charged beyond a reasonable doubt." (citation omitted)).

In its Opinion, the trial court determined that Wilson's claim lacks merit:

> Here, [Wilson] misunderstood the [trial c]ourt and believed that the use of the pronoun "he" was in direct reference to [Wilson,] when[,] in fact[,] the pronoun "he" was in reference to the "person" who, in order to be found guilty and in violation of [18 Pa.C.S.A. § 6105(a)(1)], "… nonetheless, had a firearm in his possession." [N.T., 5/7/13, at 168]. The [trial c]ourt's instructions, when read as a whole, clearly, adequately, and accurately presented to the jury the law concerning [persons not to possess firearms] under 18 Pa.C.S.[A.] § 6105(a)(1). This is all that is required. The mere fact that [Wilson] misunderstood the [c]ourt's language does not render this charge defective. Accordingly, this claim is meritless.

- 3 -

Trial Court Opinion, 5/11/15, at 5. We agree with the trial court's rationale, which is supported by the law and the record, and affirm on this basis with regard to Wilson's first issue. ***See id.***

As an addendum, we observe that, in response to the trial court's foregoing rationale, Wilson asserts that he "does not object to the jury charge. [Wilson] objects **specifically** to the **tone** and **delivery** of which the [t]rial [c]ourt specifically stated that '[h]e, nonetheless, had a firearm in his possession[.]'" Brief for Appellant at 9 (quoting N.T., 5/7/13, at 168) (emphasis supplied by Wilson); ***see also*** Brief for Appellant at 9 (citing ***Commonwealth v. Trunk***, 167 A. 333, 337 (Pa. 1933) (ruling that a new trial was warranted based upon the Court's determination that "the [trial] judge's attitude throughout the trial was biased and prejudicial to defendants[,] … [and] [t]he tone and language of the [judge's jury] charge in many parts was that of an advocate for the prosecution, and, therefore, not such a judicial presentation of the case as the defendants were entitled to[.]")).

Here, we are clearly unable to assess the trial court's "tone" and/or "delivery" during the trial based upon the cold record, and, in any event, discern no reversible error concerning the trial court's wording of the jury charge. ***See Sepulveda***, 55 A.3d at 1141 (observing that a trial court has broad discretion in phrasing its jury instructions); ***see also*** Trial Court Opinion, 5/11/15, at 5. Moreover, even assuming, *arguendo*, that the trial

court's charge was technically faulty in its use of the pronoun "he," or that the court's "tone" was somehow improper, the charge did not permit "a finding of guilt without requiring the Commonwealth to establish the critical elements of the crime[] charged beyond a reasonable doubt." **Hansley**, 24 A.3d at 420. Thus, we cannot grant Wilson relief.

Next, Wilson contends that the trial court erred by failing to conduct an on-the-record colloquy to ascertain whether he fully understood the consequences of the stipulations made by his defense counsel at trial.[5] **See** Brief for Appellant at 10-11.

At trial, the prosecutor set forth the stipulations as follows:

[T]he first is the testimony of Officer Andrejczak, who … [would testify that] the firearm [that Wilson discarded] was tested by the Firearms Investigation Unit. The officer prepared a report. The firearm was found to be operable, and [Officer Andrejczak] determined it to be a firearm for purposes of [18 Pa.C.S.A. §] 6105. …

The second stipulation is that the narcotics that were recovered … by Police Officer [Kim] Watts from Karim Buckner ["Buckner"] from the floor … were submitted to a chemistry lab. They were tested by a technician, and they were found to be marijuana.

[T]he final stipulation is … that [Wilson] is prohibited by law to possess a firearm, and that he was convicted of a felony [enumerated] under [18 Pa.C.S.A. § 6105(b)] ….

_____

[5] We observe that Wilson fails to cite the place in the record where the stipulations appear. **See** Pa.R.A.P. 2119(c) (stating that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]"); **see also Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*). However, we will overlook this defect.

N.T., 5/7/13, at 100-01.

According to Wilson, "[t]he stipulations were done unknown to [him,] and guilt could be inferred from the stipulations in and of themselves." Brief for Appellant at 11. Wilson maintains that "[t]he stipulations [] basically place[] [Wilson] at the scene[,]" and "the stipulations concerning a firearm and drugs are tantamount to a guilty plea." *Id.* Wilson contends that, pursuant to our Supreme Court's decision in *Commonwealth v. Davis*, 322 A.2d 103 (Pa. 1974), the trial court should have colloquied him concerning whether he understood the consequences of the stipulations. Brief for Appellant at 10.

In *Davis*

> our Supreme Court recognized that testimony entered by counsel's stipulation may be so damaging that admission of the stipulation at trial must be surrounded by safeguards similar to those attending the entry of a guilty plea. There, it was stipulated that the complaining witness, if present at trial, would have testified that the defendant was one of two men who had robbed him at gunpoint. The Court concluded that counsel's stipulation to this testimony placing his client at the scene of the crime and naming him as a participant therein was the equivalent to an admission of guilt by the defendant, despite his plea of not guilty. By stipulating to the testimony that would have been offered by the complaining witness, appellant gave up the opportunity to cross-examine that witness and to attempt to discredit his incriminating testimony. Under the circumstances of the case[,] the stipulation made a not guilty verdict highly unlikely. Therefore, an on-record colloquy, demonstrating defendant's understanding of the consequences of the stipulations, and his consent thereto, was deemed necessary.

*Commonwealth v. Bridell*, 384 A.2d 942, 944 (Pa. Super. 1978) (*en banc*) (emphasis omitted). Under *Davis*, the test to be applied, essentially, is whether the stipulation in question makes the "outcome [of the trial] a foregone conclusion." *Davis*, 322 A.2d at 105.

We determine that *Davis* is unavailing to Wilson. We disagree with Wilson's interpretation of *Davis*, as such an interpretation would "compel the trial court to conduct a colloquy each time counsel for the defendant chooses as a matter of trial strategy to concede a fact which is pertinent to proof of the offense charged." *Commonwealth v. Overton*, 352 A.2d 105, 106 (Pa. Super. 1975) (*en banc*). *Davis*, however, does not have such wide-ranging application. *Id.* Rather, the *Davis* decision relates only to a particular situation in which the stipulation involved is so damaging that it constitutes an admission of guilt. Such is not the case here. First, the stipulation concerning Officer Andrejczak merely established that the firearm recovered was operable. This fact, alone, in no way inculpated Wilson. Second, the stipulation concerning the marijuana (which police attributed to Buckner) was merely the evidence found at the bar, and it did not make the verdict of guilt a foregone conclusion. Indeed, Wilson was not charged in connection with the marijuana, and it had no bearing upon whether he unlawfully possessed a firearm. Finally, the trial court correctly determined in its Opinion that "the stipulation concerning [Wilson's] prior conviction[,] for the purpose of [18 Pa.C.S.A.] § 6105, did not implicate [Wilson] in the

commission of the instant crime; it merely established that an element of the charge had in fact been satisfied. Since [Wilson's] guilt could not be inferred from the stipulation as entered, an on-the-record colloquy was not required." Trial Court Opinion, 5/11/15, at 6. Accordingly, this claim does not entitle Wilson to relief.

Wilson next argues that he was deprived of a fair trial and due process when the prosecutor, during her opening statement, improperly expressed her personal opinion as to Wilson's guilt. Brief for Appellant at 12. Wilson points to the prosecutor's following statement: "I'm sure you too will know why [Wilson] ran into the vestibule of that bar and why he tossed that gun. It was because he was guilty. And I ask you to return that verdict to him at the end of this trial." N.T., 5/7/13, at 25; *see also* Brief for Appellant at 12.

In its Opinion, the trial court set forth the applicable law and standard of review concerning claims of prosecutorial misconduct, and determined that Wilson's claim lacks merit. *See* Trial Court Opinion, 5/11/15, at 6-8. We affirm with regard to this issue based on the trial court's rationale. *See id.*

Next, Wilson avers that the trial court abused its discretion when it permitted the prosecution to introduce into evidence the marijuana that the police had recovered from the sidewalk.[6] Brief for Appellant at 13. Wilson points out that the police charged Buckner, not him, with possession of the

---

[6] As noted above, Wilson's counsel stipulated to the fact that Buckner had discarded marijuana at the scene. N.T., 5/7/13, at 100.

marijuana in question. *Id.* at 14; *see also id.* at 15 (pointing out that the sole charge for which Wilson was on trial was persons not to possess firearms).

In its Opinion, the trial court found that Wilson had waived this claim, as he had failed to raise any objection at trial to the Commonwealth's introduction of the marijuana, or to any reference to Wilson's possible involvement in drug activity with Buckner. *See* Trial Court Opinion, 5/11/15, at 9; *see also Commonwealth v. Montalvo*, 956 A.2d 926, 936 (Pa. 2008) (stating that in order to preserve a claim on appeal, a party must lodge a timely objection at trial); *see also* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal). As the trial court's analysis is supported by the law and the record, we affirm on this basis concerning Wilson's claim. *See* Trial Court Opinion, 5/11/15, at 9.

As an addendum, we observe that even if Wilson had objected to the introduction of this evidence, it was relevant and admissible to provide a complete history of the case to the fact-finder (*e.g.*, to explain why Wilson evaded the police after they apprehended Buckner). *See Commonwealth v. Dillon*, 863 A.2d 597, 601 (Pa. Super. 2004) (*en banc*) (stating that Pennsylvania courts "have long recognized the special significance of evidence which provides [the fact-finder] with the *res gestae*, or complete history, of a crime. … The trial court is not required to sanitize the trial to eliminate all unpleasant facts from consideration where those facts are

relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.") (citations and some ellipses omitted); *see also Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988) (stating that evidence of other criminal acts may be relevant and admissible to show "part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts.").

Finally, Wilson contends that that he is entitled to a new trial because the prosecutor improperly stated, during her opening statement, that Wilson had a prior felony conviction. Brief for Appellant at 16-17. Specifically, Wilson points out that the prosecutor made the following statement to the jury: "[Wilson] was a person prohibited by law to [possess a firearm], because prior to August 16, 2008, he had been convicted of a felony." N.T., 5/7/13, at 19;[7] *see also* Brief for Appellant at 16. Wilson asserts that this remark was prejudicial and unnecessary (given his stipulation to his prior convictions for purposes of 18 Pa.C.S.A. § 6105(b)), stating as follows: "[Wilson's] charge under [18 Pa.C.S.A. § 6105(a)(1)] was based upon [his] being a person who has been convicted of an offense enumerated in subsection [6105](b)[;] therefore it would not [have been] prejudicial to the Commonwealth … [for it to] merely tell[] the jury that [Wilson] had a

---

[7] Wilson's counsel objected to the prosecutor's remark about Wilson's prior conviction, and moved for a mistrial. N.T., 5/7/13, at 19. During a sidebar, the trial court denied the mistrial Motion. *Id.* at 19-20.

- 10 -

previous conviction [enumerated in] subsection (b) of the statute." Brief for Appellant at 16. Wilson points out that, in the trial court's Opinion, it determined that Wilson's claim lacks merit based upon the Pennsylvania Supreme Court's Opinion in **Commonwealth v. Stanley**, 446 A.2d 583, 588 (Pa. 1982) (holding that the Commonwealth may use any proper evidence to prove its case, and it does not have to accept a defendant's stipulations). **See** Brief for Appellant at 16 (citing Trial Court Opinion, 5/11/15, at 8). According to Wilson, the **Stanley** decision is in conflict with the United States Supreme Court's decision in **Old Chief v. U.S.**, 519 U.S. 172 (1997), wherein the Court held that a defendant charged under the federal statute prohibiting convicted felons from possessing a firearm (18 U.S.C.A. § 922(g)(1)) has the right to withhold from the jury the specific nature of the predicate conviction, provided that the defendant adheres to a stipulation stating the fact of a qualifying conviction itself without elaboration. **See** Brief for Appellant at 16-17.

Initially, we observe that Wilson did not raise this claim, nor his reliance upon **Old Chief**, in his court-ordered Pa.R.A.P. 1925(b) Concise Statement. Accordingly, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").

- 11 -

Nevertheless, even if this claim was not waived, we would determine that it does not entitle Wilson to relief.

Our Pennsylvania Supreme Court, in **Commonwealth v. Jemison**, 98 A.3d 1254 (Pa. 2013), addressed the exact issue posed by Wilson herein, and the matter of whether Pennsylvania should follow the holding of **Old Chief** and overturn **Stanley**. The **Jemison** Court declined to overturn **Stanley**, distinguishing **Old Chief** based on certain "highly relevant" differences between the state and federal firearms statutes, and holding that

> under 18 Pa.C.S.[A.] § 6105, one element of persons not to possess firearms is a prior conviction of a specific, enumerated offense, and this fact strongly supports the [] view, as well as our precedent in **Stanley**, that the prosecution should not be required to accept a stipulation which acknowledges that a prior conviction satisfies the element, but does not name or identify the specific prior offense.

**Jemison**, 98 A.3d at 1260, 1261.[8] Accordingly, Wilson's reliance upon **Old Chief** is unavailing.

Judgment of sentence affirmed.

---

[8] Additionally, the **Jemison** Court held that any possibility of unfair prejudice to the defendant was mitigated by the use of proper cautionary instructions to the jury, directing them to consider the defendant's prior conviction as evidence to establish the prior conviction element of the charge under section 6105(a), not as evidence of the defendant's bad character or propensity to commit crime. **Jemison**, 98 A.3d at 1262. While, in the instant case, the trial court did not issue such a cautionary instruction, Wilson testified, on direct examination, that he had prior convictions for robbery and burglary. **See** N.T., 5/7/13, at 117.

- 12 -

J-S01013-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF
PENNSYLVANIA

vs.

GARY WILSON

:
:
:

CP-51-CR-0011361-2008 Comm. v. Wilson, Gary
Opinion

7292672221

:

:

CP-51-CR-0011361-2008

SUPERIOR COURT
NO. 333 EDA 2014

**FILED**
MAY 11 2015
Criminal Appeals Unit
First Judicial District of PA

OPINION

BUTCHART, J.                                                      May 11, 2015

I.      PROCEDURAL HISTORY

Gary Wilson ("Defendant") was charged with Possession of a Firearm Prohibited under

18 Pa.C.S. § 6105(a)(1), a felony of the second degree.  On May 8, 2013, a jury found Defendant

guilty and the Court deferred sentencing for completion of a Presentence Investigation Report.

On July 19, 2013, Defendant was sentenced to two and one half to five years, plus five years

reporting probation to run consecutively.

On July 24, 2013, and October 15, 2013, Defendant filed post-sentence motions.  On

November 22, 2013, Defendant's post-sentence motions were denied.  On March 17, 2014,

Defendant filed a Post-Conviction Relief Act ("PCRA") petition.  On June 6, 2014, the Court

received Defendant's motion to proceed *pro se*.  On July 21, 2014, a *Grazier* hearing was held

where Defendant waived his right to counsel on direct appeal and for purposes of the PCRA.  On

June 23, 2014, Defendant filed an amended PCRA petition requesting his appeal rights be

reinstated.  On July 28, 2014 the Court received Defendant's *pro se* correspondence asking to

waive the sixty days that was granted to amend his PCRA petition. On October 30, 2014, a video hearing was held and the Court reinstated Defendant's direct appeal rights *nunc pro tunc*.

On November 6, 2014, Defendant filed a Notice of Appeal. On December 1, 2014, Defendant filed a Statement of Errors Complained of on Appeal ("Statement") in which he argues:

1. The Trial Judge violated [Defendant's] Fifth and Fourteenth Amendment rights to due process of law when the Judge told the jury, in advocacy for the District Attorney, that [Defendant] had a firearm in his possession; [*sic*] and failed to give an on the record colloquy to ascertain whether or not if [*sic*] [Defendant] agree [*sic*] to, or disagree to, [*sic*] the stipulations and the consequences of introducing drugs and prior bad acts to the jury.

2. The Prosecutor violated [Defendant's] Fifth and Fourteenth Amendment rights to due process of law when the prosecutor expressed his personal belief as to [Defendant's] guilt; [*sic*] and introduced drugs to the jury to divert the jury from its duty to decide the case on the evidence, introduced [*sic*] prior bad acts.

*See* Statement at ¶ 1-2.

## II.    FACTUAL BACKGROUND

This case arises out of a surveillance conducted by the Narcotics Task Force of the Philadelphia Police Department on August 16, 2008, at approximately 12:15 a.m., in the area of Circles Bar located on the 4800 block of North Broad Street in Philadelphia. Notes of Testimony ("N.T."), May 7, 2013 at 33-35. Philadelphia Police Officer Chris Hulmes ("Officer Hulmes"), testified that he observed Defendant and another male identified as Karim Buckner ("Buckner") on the southwest corner of Broad and Louden Streets. *Id.* at 36-37. Officer Hulmes was conducting his surveillance from the second floor porch of Circles Bar on the northwest corner of Broad and Louden Streets. *Id.* at 37. Officer Hulmes testified that Defendant approached Buckner and engaged in a conversation. *Id.* Defendant and Buckner were each

2

holding a marijuana blunt and emptying the cigars' contents. *Id.* at 37-38. Buckner went to a gray Jeep Cherokee that was parked nearby, retrieved a white napkin and returned to engage Defendant in a conversation. *Id.* at 38. Defendant and Buckner were taking marijuana from the napkin and placing it into the marijuana blunt. *Id.* at 38-39. At 12:25 a.m., Officer Hulmes radioed for backup officers. *Id.* at 39. When the police arrived, Buckner was stopped without incident and Defendant started to walk towards Circles Bar. *Id.* at 40. From his vantage point, Officer Hulmes lost sight of Defendant because a crowd in front of the bar obscured his view. *Id.* at 41.

Philadelphia Police Officer Mark Bates ("Officer Bates") was one of the backup officers who responded to Officer Hulmes' call. Officer Bates testified that as he arrived he saw a black male, later identified as Defendant, matching the description given by Officer Hulmes. *Id.* at 61-62. Officer Bates observed Defendant walking quickly towards Circles Bar as Defendant dropped "a brown cigarette." *Id.* at 63. Officer Bates exited the passenger side of his patrol car, followed Defendant, and observed Defendant remove a black handgun from his pocket. *Id.* Defendant ran towards the bar as Officer Bates followed. *Id.* As Defendant ran into the bar, Officer Bates saw him pull a gun from his right front pants pocket and throw it in the direction of the bar. *Id.* at 63-64. Officer Bates apprehended Defendant, handed him over to his partner, and then recovered the discarded handgun. *Id.* at 65, 68. Philadelphia Police Officer Kim Watts ("Officer Watts") also responded to the scene and recovered drugs from the sidewalk. *Id.* at 93-94.

III.    DISCUSSION

Defendant argues that the Court, while advocating for the Commonwealth, told the jury that Defendant was in possession of a firearm; that Defendant was not consulted about the

3

stipulations at trial and that there was no colloquy about those stipulations; that the ADA improperly expressed her personal belief as to Defendant's guilt; and that the ADA improperly introduced prior bad act and drugs into evidence. *See* Statement at ¶¶ 1-2. For the following reasons, Defendant's claims are without merit.

   A. *The Court did not tell the jury that Defendant was in possession of a firearm*

"The trial court has discretion in phrasing its instructions to the jury, and is not limited to particular language, provided the law is clearly, adequately, and accurately presented to the jury." *Commonwealth v. Blount*, 647 A.2d 199, 209 (Pa. 1994); *Commonwealth v. Prosdocimo*, 578 A.2d 1273 (Pa. 1990).

In his Statement, Defendant objects to the following statements of the Court made while charging the jury.[1]

| The Court: | Mr. Wilson has been charged with a single offense, and that is that a person who is not able to possess, use, manufacture, control, sell, or transfer a firearm, **he**, nonetheless, had a firearm in his possession…|
| | |
| | …To find the [D]efendant guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt: [f]irst, that the defendant was a person prohibited by law from possessing a firearm. To be prohibited, the Commonwealth must show that the defendant, at the time of this conduct, had been convicted of a specific offense. And you know that he was previously convicted of the specific offense of burglary -- I think robbery as well. |

N.T., May 7, 2013 at 168 (emphasis added); *also see* Statement at page 2.

---

[1] Defendant incorrectly identifies the page numbers 352-353, from N.T., May 7, 2013.

4

Here, Defendant misunderstood the Court and believed that the use of the pronoun "he" was in direct reference to Defendant when in fact the pronoun "he" was in reference to the "person" who, in order to be found guilty and in violation of the statute, "...nonetheless, had a firearm in his possession." *Id.* The Court's instructions, when read as a whole, clearly, adequately, and accurately presented to the jury the law concerning Possession of a Firearm Prohibited under 18 Pa.C.S. § 6105(a)(1). This is all that is required. The mere fact that Defendant misunderstood the Court's language does not render this charge defective. Accordingly, this claim is meritless.

### B. Stipulations by counsel

"In *Commonwealth v. Davis*, 457 Pa. 194, 322 A.2d 103 (Pa. 1974), our Supreme Court recognized that testimony entered by counsel's stipulation may be so damaging that admission of the stipulation at trial must be surrounded by safeguards similar to those attending the entry of a guilty plea." *Commonwealth v. Bridell*, 384 A.2d 942, 944 (Pa. Super Ct. 1978). In *Bridell*, it was stipulated that the complaining witness, if present at trial, would have testified that the defendant was one of two men who had robbed him at gunpoint. *Id.* "*Davis*, however, does not require a trial court to conduct an on-record colloquy whenever defense counsel stipulates to evidence which is potentially damaging to his client...The *Davis* decision relates only to a particular situation in which the stipulation involved is so damaging that it constitutes an admission of guilt." *Id.* (quoting *Commonwealth v. Overton*, 352 A.2d 106 (1975)). Essentially, the test is whether the stipulation in question makes "the outcome of the trial a foregone conclusion." *Id.* (quoting *Davis*, 322 A.2d at 105).

In the present case, Defendant objects to the following statements made by the Assistant District Attorney ("ADA"), Ms. Gopal.

5

Ms. Gopal: The judge is going to instruct you on the law. She is going to say that there are three elements that the Commonwealth needs to prove in order for you to find the defendant guilty. Well, two of those elements have been met. They've been stipulated to by counsel, so they are evidence. They don't even need to be debated. The first is that the defendant was convicted of the robbery and burglary.

N.T., May 7, 2013 at 23; *also see* Statement at page 2.

Here, the stipulation concerning Defendant's prior conviction for the purpose of § 6105, did not implicate Defendant in the commission of the instant crime; it merely established that an element of the charge had in fact been satisfied. Since Defendant's guilt could not be inferred from the stipulation as entered, an on-record colloquy was not required.

### C. *The prosecutor's expression of personal belief in Defendant's guilt*

The standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. *Commonwealth v. Rolan*, 964 A.2d 398, 410 (Pa. Super. Ct. 2008). The question is whether Defendant was deprived of a fair trial, although Defendant is not entitled to a perfect one. *Id.* In order to evaluate whether a prosecutor's comments "were improper, we do not look at the comments in a vacuum; rather we must look at them in the context in which they were made." *Id.* (quoting *Commonwealth v. May*, 898 A.2d 559, 567 (2006)). A prosecutor's arguments to a jury "are not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent [the jurors] from properly weighing the evidence and rendering a true verdict." *Id.* Prosecutors are entitled to reasonable latitude in presenting a case to the jury "and must be free to present ... arguments with logical force and vigor." *Id.* Although a prosecutor may argue to the jury that the evidence establishes

6

the defendant's guilt, arguments from personal opinion as to the guilt of the accused are not proper. *Commonwealth v. Chamberlain*, 30 A.3d 381, 408 (Pa. 2011); *Commonwealth v. D'Amato*, 526 A.2d 300, 309 (Pa. 1987).

Where evidence is improperly admitted, the result may be a harmless error. A harmless error occurs where: "(1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Commonwealth v. Wright*, 961 A.2d 119, 143 (Pa. 2008); *Commonwealth v. Young*, 748 A.2d 166, 193 (Pa. 1999).

In the instant case, Defendant objects to this excerpt from the ADA's opening statement.[2]

Ms. Gopal: I'm sure you too will know why the [D]efendant ran into the vestibule of that bar and why he tossed that gun. It was because he was guilty. And I ask you to return that verdict to him at the end of this trial.

N.T., May 7, 2013 at 25; *also see* Statement at page 3.

Here, when the ADA's comments are considered within the proper context and not in a vacuum, it is clear that the ADA asked the jury to find Defendant guilty after applying their common sense and evaluating the evidence. Just prior to the ADA's excerpted statement, the ADA stated: "I'm asking you to evaluate what [the witnesses] say on the stand. To what extent does their testimony match the physical evidence that the Commonwealth provides you? And…to use your common sense." *Id.*

---

[2] Defendant incorrectly identifies the page numbers 52-53, from N.T., May 7, 2013.

7

Alternatively, it the ADA's statements are seen as an improper expression of her personal opinion concerning Defendant's guilt, this amount to a harmless error in light of the overwhelming evidence of Defendant's guilt presented at trial including eyewitness accounts from the Philadelphia Police.

### D. The prosecutor's introduction of prior bad acts

Introducing "[e]vidence of a prior conviction…is both proper and *necessary* when a defendant is tried on charges stemming from an alleged violation of § 6105." *Commonwealth v. Payne*, 463 A.2d 45, 456 (Pa. Super. Ct. 1983). The Commonwealth may use any proper evidence to prove its case, and does not have to accept Defendant's stipulations. *Commonwealth v. Stanley*. 446 A.2d 583, 588 (Pa. 1982). The admissibility of evidence is entrusted to the discretion of the trial judge, and will not be disturbed on appeal unless an abuse of discretion is shown. *Commonwealth v. Crawford*, 718 A.2d 768, 772 (Pa. 1998). An abuse of discretion is not merely an error of judgment: it is overriding or misapplying the law; manifest unreasonableness; the result of bias, prejudice, ill-will or partiality. *Commonwealth v. Stollar*, 84 A.3d 635, 650 (Pa. 2014).

Here, the ADA was permitted to tell the jury that Defendant had been convicted of a felony, which was stipulated to by and between counsel. *See* N.T., May 7, 2013 at 19-20; 167-168. As such, there was no prosecutorial misconduct on the part of the ADA in this case. Moreover, on direct examination by his own counsel, Defendant admitted to his prior convictions for robbery and burglary. *See* N.T., May 7, 2013 at 117.

8

*E. The prosecutor's introduction of drugs to the jury*

Finally, Defendant argues that the jury was diverted from its duty to decide the case on the evidence when the ADA questioned Officer Watts about recovering drugs form the scene.

In his Statement, Defendant objects to the following exchange between the ADA and Philadelphia Police Officer Watts.[3]

| Ms. Gopal: | Did you place the narcotics on the property receipt yourself? |
|---|---|
| Officer Watts: | Yes. |
| Ms. Gopal: | And if you could just read to the jury, one, and description of evidence? |
| Officer Watts: | Okay. Description of evidence: [o]ne brown colored blunt cigarette containing a green weed and seedy substance, alleged marijuana, in a white colored napkin. |

N.T., May 7, 2013 at 94; *also see* Statement at page 3.

Here, Defendant did not object to the above testimony of Officer Watts during trial. *See* N.T., May 7, 2013 at 90. Further, Defendant did not object to any previous evidence of Defendant's involvement with drugs brought to the jury's attention through the Commonwealth's witnesses. First, Officer Hulmes testified that Defendant emptied the contents of a marijuana blunt and then filled it with marijuana. N.T., May 7, 2013 at 37-38. Second, Officer Bates testified that Defendant discarded a "brown cigarette" after he saw Philadelphia Police approaching. *Id.* At 63. And finally, Officer Watts testified to recovering drugs from the sidewalk, which Defendant now objects on appeal. *Id.* at 93-94.

Accordingly, the Court does not discern an appealable because Defendant's counsel did not object at trial, and so this argument is waived for purposes of direct appeal

---

[3] Defendant incorrectly identifies the page number 197, from N.T., May 7, 2013.

9

IV.    Conclusion

For all of the above reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

_____
BUTCHART, J.

10

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CRIMINAL SECTION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | :    CP-51-CR-0011361-2008 |
| | : |
| | : |
| | :    SUPERIOR COURT |
| vs. | :    NO. 3337 EDA 2014 |
| | : |
| | : |
| GARY WILSON | : |

## PROOF OF SERVICE

I certify that I am this 11th day of May, 2015, serving the forgoing Opinion on the persons indicated below, by first class and/or certified mail.

**Appellant:**       Gary Wilson, BE-9008
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

Type of Service:     ( ) Personal ( ) First Class Mail **(X)** Other, please specify: ***Certified Mail***

**District Attorney:**     Hugh Burns, Assistant District Attorney
Chief, Appeals Unit
Three South Penn Square
Philadelphia, PA 19107

Type of Service:     ( ) Personal **(X)** First Class Mail ( ) Other, please specify:


D. Gar Bogdan, Esquire
Law Clerk to the Honorable
Ann M. Butchart