J-S67018-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD J. MCGUIGAN, :
:
Appellant : No. 222 EDA 2018

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000436-2005,
CP-15-CR-0001904-2005, CP-15-CR-0001905-2005,
CP-15-CR-0001906-2005, CP-15-CR-0001907-2005,
CP-15-CR-0002093-2008, CP-15-CR-0002094-2008,
CP-15-CR-0002099-2008, CP-15-CR-0002187-2008,
CP-15-CR-0004199-2006, CP-15-CR-0004283-2005,
CP-15-CR-0004284-2005

BEFORE: OTT, J. NICHOLS, J. and STRASSBURGER, J.*

CONCURRING STATEMENT BY STRASSBURGER, J.: **FILED MARCH 18, 2019**

I concur in the result of the Majority Memorandum, but write

separately regarding Appellant's fourth issue.

As detailed by the Majority, at the time of Appellant's stipulated

nonjury trial, Appellant stipulated that the Commonwealth witnesses, if

called, would testify to certain statements. Appellant emphatically did not

stipulate to the veracity of those statements. Notwithstanding, the trial

court's clear indication that it found the testimony to be sufficient to

establish Appellant's guilt, Appellant's stated hope that the trial court would

look more closely at the testimony indicates that Appellant expected the trial

_____
* Retired Senior Judge assigned to the Superior Court.

court to determine the credibility of the witnesses, and perhaps find some of their testimony incredible.

Unfortunately, when a trial court accepts testimony by way of stipulation, an Appellant "giv[es] up the opportunity to cross-examine the witness[es] for purposes of attacking [] credibility, [] memory, or [] capacity to observe[.]" *Commonwealth v. Davis*, 322 A.2d 103, 105 (Pa. 1974). Thus, there was no way for the trial court to conduct any credibility determinations, instead taking all testimonial statements as fact. However, as noted *supra*, Appellant explicitly did not stipulate to those facts. Thus, I am troubled by the trial court's acceptance of a stipulation to testimony, but not facts, as a stipulation to facts. Nonetheless, the trial court made abundantly clear to Appellant its analysis of the proffered testimony and likely verdict, and I cannot say that Appellant's waiver was therefore unknowing.

Accordingly, while I disapprove of the procedure employed below, I am constrained to concur in the result.