J. A17038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LAQUANTA CHAPMAN, : No. 175 EDA 2020
:
Appellant :

Appeal from the PCRA Order Entered November 13, 2019,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0002897-2009

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LAQUANTA CHAPMAN, : No. 176 EDA 2020
:
Appellant :

Appeal from the PCRA Order Entered November 13, 2019,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0004895-2008

BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 23, 2020**

Laquanta Chapman appeals from the November 13, 2019 order, entered by the Court of Common Pleas of Chester County, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history of this case are as follows:

> On October 30, 2008, [appellant] shot and killed his sixteen (16) year-old neighbor, Aaron Turner, in the basement of [appellant's] residence. Subsequently, with the assistance of his younger cousin, Bryan Byrd, [appellant] dismembered the victim's body and disposed of the remains in the trash.
>
> Several weeks later, law enforcement officers investigating the sale of illicit narcotics from [appellant's] premises obtained a warrant to search the premises for evidence of drug activity. In the course of executing that search warrant[,] on November 15, 2008, police discovered an abundance of residual, physical evidence from the killing and dismemberment of Mr. Turner. [Appellant] was arrested and charged with murder and other related offenses, and the Commonwealth tendered notice of its intention to pursue the death penalty.

PCRA court Rule 907 notice of intent to dismiss, 10/8/19 at 2 n.3.

A jury convicted appellant of first-degree murder[1] and other related offenses on November 9, 2012. The jury subsequently determined that the death penalty should be imposed. *See id.* Appellant filed a direct appeal with our supreme court pursuant to 42 Pa.C.S.A. § 9711(h)(1). The court affirmed the judgment of sentence, but vacated the imposition of the death penalty and remanded for the trial court to impose a sentence of life imprisonment without the possibility of parole. *See Commonwealth v. Chapman*, 136 A.3d 126, 134 (Pa. 2016). Accordingly, the trial court resentenced appellant on August 16, 2016.

---

[1] 18 Pa.C.S.A. § 2502(a).

Appellant filed a direct appeal from the trial court's resentencing order. A previous panel of this court affirmed appellant's judgment of sentence on March 27, 2018. *See Commonwealth v. Chapman*, 188 A.3d 565 (Pa.Super. March 27, 2018) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our supreme court.

Appellant timely filed the instant counseled PCRA petition on March 25, 2019. On October 8, 2019, the PCRA court entered a notice of its intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On November 13, 2019, the PCRA court entered an order dismissing appellant's PCRA petition without a hearing.

Appellant filed timely notices of appeal on December 12, 2019, in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and its progeny. On December 20, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement with the Chester County Clerk of Courts, while also serving the Commonwealth with a copy, on January 6, 2020. On January 14, 2020, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).[2]

Appellant raises the following issues for our review:

---

[2] The PCRA court's Rule 1925(a) opinion adopts the reasoning set forth in its Pa.R.Crim.P. 907(1) notice.

> I. Were [a]ppellant's claims intentionally waived or abandoned?
>
> II. Did the PCRA [c]ourt err in failing to find merit to [a]ppellant's claim of after-discovered evidence that the lead homicide detectives committed criminal misconduct rendering the evidence and the verdict unreliable, violating [a]ppellant's Fourth, Sixth and Fourteenth Amendment rights?
>
> III. Did the PCRA [c]ourt err, violating [a]ppellant's rights pursuant to the Sixth and Fourteenth Amendments of the U.S. Constitution and Article I, sec. 9 of the Pennsylvania Constitution in finding that [a]ppellant's trial and appellate counsel were not ineffective for failing to make the correct argument in relation to the [m]otion to [s]uppress?
>
> IV. Did the PCRA [c]ourt err, violating [a]ppellant's rights pursuant to the Sixth and Fourteenth Amendments of the U.S. Constitution and Article I, sec. 9 of the Pennsylvania Constitution in finding that trial counsel's agreement to admission of inconclusive DNA results without an on-record colloquy reflecting [a]ppellant's understanding of the consequences of counsel's actions and his consent thereto, did not violate [a]ppellant's right to confront the Commonwealth's witnesses against him?

Appellant's brief at 3.

In his first issue, appellant contends that his claims should not be considered waived or abandoned even though the PCRA court judge did not directly receive a copy of appellant's Pa.R.A.P. 1925(b) statement. (*Id.* at 8.)

Pennsylvania Rule of Appellate Procedure 1925(b) provides, in relevant part:

(3) Contents of order. The judge's order directing the filing and service of a Statement shall specify:

. . . .

(iii) **that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement**. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added).

The PCRA court notes that appellant failed to serve his Rule 1925(b) statement upon the PCRA court. The record reflects the PCRA court entered the following Rule 1925(b) order:

> AND NOW, this 20th day of December, 2019, it is hereby ORDERED that pursuant to Pa.R.A.P. 1925(b),
>
> Teri B. Himebaugh, Esquire
> 1400 Spring Garden Street. #911
> Philadelphia, Pennsylvania 19130
>
> is hereby ORDERED to file of record and serve upon the undersigned, a concise statement ("Statement") of the errors complained of on appeal in the above captioned matter. The Statement must be filed of record. The Statement must be served upon the undersigned pursuant to Pa.R.A.P. No. 1925(b)(1).

> The Statement must be filed and served no later than twenty-one (21) days from the date of the entry on the docket of this Order. Any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. No. 1925(b) shall be deemed waived. Attention is directed to Pa.R.A.P. No. 1925(b)(4) which sets forth requirements for the Statement.

PCRA court order, 12/20/19.

Here, the PCRA court's December 20, 2019 order failed to specify both the place and address where appellant could serve his Rule 1925(b) statement on the PCRA judge in person, as required by Pa.R.A.P. 1925(b)(3)(iii). As the PCRA court's Rule 1925(b) order failed to comply with Pa.R.A.P. 1925(b)(3)(iii), we decline to find waiver. *See Commonwealth v. Jones*, 193 A.3d 957, 961 (Pa.Super. 2018) (declining to find waiver where Rule 1925(b) order is deficient). Accordingly, we shall proceed to address appellant's remaining three issues.

In reviewing the denial of a PCRA petition:

> [o]ur standard of review . . . is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, [], 29 A.3d 795 ([Pa.] 2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, [], 932 A.2d 74 ([Pa.] 2007).

*Commonwealth v. Beatty*, 207 A.3d 957, 960-961 (Pa.Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019).

Where a PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion.  *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013), *certiorari denied*, 574 U.S. 829 (2014).  Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute.  It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.  It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

> [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1273 (Pa. 2016).

In his second issue, appellant contends that Detective Gerald Pawling's[3] criminal convictions "serve as the basis for the after-discovered evidence claim" and rendered the evidence and trial verdict unreliable, thereby violating

---

[3] Detective Pawling was a member of the Coatesville Police Department.

appellant's Fourth, Sixth, and Fourteenth Amendment rights. (**See** appellant's brief at 11, 15.) Specifically, appellant argues:

> The PCRA [c]ourt misunderstood the nature of the after[-]discovered evidence. Appellant is not asserting, as the PCRA [c]ourt apparently believes, that there were allegations by the DAO [Chester County District Attorney's Office] of misconduct by [Detective] Pawling which were directly related to the instant case. Appellant agrees that the DAO did not investigate or charge [Detective] Pawling in relation to any of his actions in the instant case.
>
> Rather, [a]ppellant is asserting that [Detective] Pawling's convictions are after[-]discovered evidence that [Detective] Pawling had a history/habit of misconduct significant for the tampering with police evidence, forgery and tampering with public records.

*Id.* at 15 (citations omitted). However, appellant then asserts that a photograph of cocaine, found in Detective Pawling's home during the DAO investigation, shows the detective fabricated evidence after the fact "to corroborate a previously fabricated [a]ffidavit of [p]robable cause" which "is substantive evidence of an intentional attempt to cover up prosecutorial/police wrongdoing." *Id.* at 16 (citations omitted).

The PCRA enumerates after-discovered evidence as a claim cognizable for post-conviction collateral relief. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi). Specifically, the PCRA defines such a claim as a conviction or sentencing resulting from, "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." *Id.* Both this court and our supreme

court have further explained that, in order to be eligible for relief under an after-discovered evidence claim,

> a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict."

*Commonwealth v. Johnson*, 179 A.3d 1105, 1123 (Pa.Super. 2018), *appeal denied*, 197 A.3d 1174 (Pa. 2018), quoting *Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. 2016). In cases involving criminal charges being filed against and/or convictions of police officers involved in the underlying case, a petition must show a nexus between his or her case and the officer's alleged misconduct. *See Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa.Super. 2012).

The PCRA court thoroughly addressed this issue as follows:

> . . . . Assuming that [appellant] is contending that [Detective] Pawling's arrest and subsequent guilty pleas, in unrelated matters, somehow constitute after-discovered evidence in the present case which would require a new trial and/or dismissal of charges; the [PCRA c]ourt disagrees.
>
> . . . [Detective] Pawling pled guilty on July 30, 2014 (approximately two (2) years after [appellant]'s trial concluded). . . .
>
> . . . [O]n July 5, 2012, prior to the commencement of [appellant]'s trial, Assistant District Attorney Michelle E. Frei, Esquire, provided a letter to defense [trial] counsel, Evan Kelly, Esquire and Michael J. Farrell, Esquire stating:

> This letter is to inform you that the [DAO] has been notified that the Pennsylvania Office of the Attorney General (the "AG") has opened an investigation into the Coatesville Police Department. The DAO is not the prosecuting agency in this investigation. Any inquiries should be directed to the AG. Because this is an investigation and there are no convictions, the DAO's position is that this investigation is not admissible in any trials.
>
> ***See*** July 5, 2012 [l]etter of Assistant District Attorney, Michelle Frei, Esquire.
>
> Ms. Frei's letter clearly placed the defense on notice . . . of the pending investigation by the AG into the Coatesville Police Department. . . . [Appellant]'s trial concluded on November 12, 2012 . . . .
>
> On April 9, 2014, [Detective] Pawling entered open guilty pleas . . . .
>
> . . . . The [PCRA c]ourt takes judicial notice of that plea colloquy. . . . Moreover, **there were no allegations that [Detective] Pawling concealed, mishandled or otherwise tampered with evidence to affect the outcome of any trials.**
>
> . . . . [W]e are now able to conclude that any alleged police misconduct was clearly unrelated to the present matter . . . .
>
> . . . . [T]he AG's investigation was irrelevant at the time of [appellant]'s trial because it did not result in any charges being brought against either [Detective] Pawling or [Sergeant] McEvoy.

PCRA court Rule 907 notice of intent to dismiss, 10/8/19 at 2 n.3 pp. 7-9

(emphasis added). The PCRA court also noted that as part of the pre-trial

discovery process, the Commonwealth sent a letter to appellant's trial counsel concerning the photograph of the cocaine. (***Id.*** at 2 n.3 at 10.)

Accordingly, we find the PCRA court did not abuse its discretion in finding that appellant failed to establish a nexus between his case and any misconduct on the part of Detective Pawling that would have led to a different result at trial. Therefore, appellant's second issue is without merit.

In his third issue, appellant contends trial counsel and appellate counsel rendered ineffective assistance by failing "to make the correct argument in relation to the motion to suppress, violating appellant's rights under the Confrontation Clause." (Appellant's brief at 25 (extraneous capitalization omitted).) Specifically, appellant contends counsel should have "challeng[ed] the veracity of the averments in the affidavit of probable cause during the suppression motion and appellate court proceedings." (***Id.*** at 31 (extraneous capitalization omitted).) The gist of appellant's argument is that because the initial search warrant sought crack cocaine and none was found, it establishes a "possible motive" that the "detectives used non-existent cocaine sales to non-existent Cis[4] as a ruse in order to obtain evidence related to the missing person case."[5] (***Id.*** at 27, 29.)

Initially, we note that,

> [a] claim that has been previously litigated is not cognizable for collateral relief. 42 Pa.C.S.A.

---

[4] Confidential informants.

[5] At the time, the victim in this case was missing.

- 11 -

> § 9544(a)(2). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." *Commonwealth v. Burkett,* 5 A.3d 1260, 1270 (Pa.Super. 2010), citing *Commonwealth v. Hutchins,* 760 A.2d 50 (Pa.Super. 2000).

*Commonwealth v. Roane*, 142 A.3d 79, 94 (Pa.Super. 2016). A claim is previously litigated if "it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal." 42 Pa.C.S.A. § 9544(a) (1). An allegation is waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). *See Commonwealth v. Smith*, 17 A.3d 873, 883 (Pa. 2011).

On May 13, 2011, appellant filed a *pro se* omnibus motion to suppress physical evidence.[6] Appellant asserted that the affiants deliberately misstated the facts in the search warrant. (Motion to suppress physical evidence, 5/13/11 at unnumbered 1 ¶¶ 3, 7.) Then, as part of an omnibus pre-trial motion, counsel filed a motion for disclosure of confidential informants on October 31, 2011. Appellant asserted, as he does here, that the

---

[6] We note that appellant filed a prior motion to suppress evidence on April 27, 2010, alleging, among other things, that the affidavit of probable cause did not provide any background for the credibility of the three individual sources referenced therein. (*See* motion to suppress, 4/27/10 at unnumbered 2 ¶ 8.) The suppression court denied this motion on July 20, 2010.

Commonwealth willfully included misstatements of fact in the affidavit of probable cause; to-wit, that two anonymous CIs purchased crack cocaine from appellant when the CIs never participated in controlled buys. (**See** motion for disclosure of confidential informants, 10/31/11 at unnumbered 3 ¶10.)

A suppression hearing was held on November 10, 2011. The suppression court denied appellant's motion to suppress, concluding that the police's failure to find crack cocaine was not a satisfactory basis for concluding that the police affiants had an ulterior motive to fabricate the information contained in the affidavit of probable cause. (**See** notes of testimony, 11/10/11 at 24, 26.) On direct appeal, appellant challenged only the breadth of the search warrant; he did not challenge the veracity of the police affiants. (**See** appellant's brief at 4; **see also Commonwealth v. Chapman**, 136 A.3d 126, 129 (Pa. 2016) (finding appellant offered no argument assailing the quality or veracity of the information collected by affiants).) As appellant raised the affiants' veracity and motive before the suppression court, and did not raise it on appeal, we find that appellant's claim was previously litigated and he is not entitled to PCRA relief.

Even had the issue not been previously litigated, no relief is warranted. In evaluating claims of ineffective assistance of counsel, "counsel is presumed to have rendered effective assistance." **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1118 (Pa.Super. 2012).

> To overcome this presumption, [a]ppellant must establish three factors. First, that the underlying

claim has arguable merit. Second, that counsel had no reasonable basis for his action or inaction. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. Finally, [a]ppellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that but for the act or omission in question, the outcome of the proceedings would have been different. A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs.

*Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007) (citations and quotation marks omitted).

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original).

"A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Watson*, 835 A.2d 786, 793 (Pa.Super. 2003). Furthermore, "a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead,

if a claim fails under any necessary element of the **Strickland**[7] test, the court may proceed to that element first." **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011). "If it is clear that [a]ppellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." **Commonwealth v Albrecht**, 720 A.2d 693, 701 (Pa. 1998).

"[I]f a search warrant is based upon an affidavit containing deliberate or material misstatements, the search warrant is invalid." **Commonwealth v. Antoszyk**, 985 A.2d 975, 981 (Pa.Super. 2009), **affirmed by a divided court**, 38 A.3d 816 (Pa. 2012). "[M]isstatements of fact will invalidate a search warrant and require suppression of the fruits of the search only if the misstatements of fact are deliberate and material." **Commonwealth v. Baker**, 24 A.3d 1996, 1017 (Pa.Super. 2011) (citations and italics omitted). An appellant must make "a substantial preliminary showing that the false statement was knowingly and deliberately made and was necessary for probable cause." **Commonwealth v. Simmons**, 2020 WL 2120085 *4 (Pa.Super. May 4, 2020) (unpublished memorandum).

---

[7] **See Strickland v. Washington**, 466 U.S. 668 (1984) (holding that to establish ineffectiveness, appellant must show the underlying claim has arguable merit, there was no reasonable basis for counsel's actions or failure to act, and appellant was prejudiced).

Here, appellant has not made a single showing that the police included false information in the affidavit. (**See** notes of testimony, 11/10/11 at 3-27.) Appellant failed to produce evidence, or point to any in the record, to support his claim that the affiants knew the information was false and deliberately included it in their application, or that they included it in reckless disregard for whether it was true or false. **See Commonwealth v. Iannaccio**, 480 A.2d 966, 972 (Pa. 1984). Further, in denying appellant's initial motion to suppress, the suppression court found:

> [T]he affidavit in support of warrant #1 contains ten (10) independent sources that believe the residence was being used in the sale of drugs and that three (3) individual sources over the past month confirmed that the suspected drug activity that had been taking place in the detached garage had moved to the rear door of the residence. Those ten (10) independent sources and three (3) individual sources and the information provided by them were corroborated by police observation and as such corroborate each other and are in fact corroborated by the police.

Suppression court order, 7/20/10 at 1 n.1 at 2. We, therefore, agree with the PCRA court that there is no arguable merit to appellant's claim of ineffectiveness. Appellant's failure to prove trial counsel's ineffectiveness is "fatal to his layered ineffectiveness claim." **Commonwealth v. Carson**, 913 A.2d 220, 233 (Pa. 2006).

In his final issue, appellant argues that trial counsel,

> ineffectively allowed the Commonwealth to admit DNA results which were inconclusive without consulting with his client and gaining his approval to do so first. Appellant avers that counsel's failure to object to this

> line of questioning and the admission of the DNA results served as a *de facto* equivalent of a stipulation.

Appellant's brief at 35. Appellant cites to the trial transcript in support of his claim. (Notes of testimony, 11/7/12 at 192-201.) Appellant further asserts trial counsel's failure to object to the DNA results deprived him of his constitutional right to confront and cross-examine the DNA expert. (*See* appellant's brief at 35.)

Initially, we note that nowhere in the portion of the trial testimony referenced by appellant is there any reference to inconclusive DNA test results. Appellant does not assert any basis for trial counsel objecting to the DNA results, and the case law cited by appellant,[8] in regard to his *de facto* stipulation argument, deals with actual, not *de facto*, stipulations.

> An appellate brief must provide citations to the record and to any relevant supporting authority. This Court will not become the counsel for an appellant, and will not, therefore, consider issues . . . which are not fully developed in [the] brief. Failing to provide factual background and citation to the record represent serious deviations from the briefing requirements of the Rules of Appellate Procedure.[9] An issue that is not properly briefed in this manner is considered waived, as such an omission impedes our ability to address the issue on appeal.

---

[8] *See Commonwealth v. Davis*, 322 A.2d 103 (Pa. 1974); *Commonwealth v. Overton*, 352 Pa.Super. 1975); *Commonwealth v. Bridell*, 384 A.2d 942 (Pa.Super. 1978).

[9] *See* Pa.R.A.P. 2119(c) (requiring "reference to the place in the record where the matter referred to appears").

***Commonwealth v. Einhorn***, 911 A.2d 960, 970 (Pa.Super. 2006) (citations and quotation marks omitted), ***appeal denied***, 920 A.2d 831 (Pa. 2007). ***See Commonwealth v. Ellis***, 700 A.2d 948, 957 960, 969 (Pa.Super. 1997) (finding issue waived where appellant fails to develop claim or cite to legal authority in appellate brief), ***appeal denied***, 727 A.2d 127 (Pa. 1998); ***see also Commonwealth v. Brown***, 161 A.3d 960, 969 (Pa.Super. 2017), ***appeal denied***, 176 A.3d 850 (Pa. 2017).  Thus, appellant's claim is waived. Even if we were to review this claim, no relief would be warranted.

The PCRA court concluded that appellant's argument is belied by the record.  (***See*** PCRA court notice of intent to dismiss, 10/8/19 at 2 n.3 at pp. 13-14.)  We agree.  As noted by the PCRA court, appellant fails to identify or cite to any perceived agreement or stipulation with regard to the DNA evidence.  (***Id.***)  Based on our review of the testimony of Katherine Cross, the Commonwealth's DNA and blood spatter expert, we can discern no such agreement or stipulation as alleged by appellant.  (***See*** notes of testimony, 11/7/12 at 174-240.)

Appellant additionally argues, that as a result of trial counsel's actions and/or omissions in this case, he did not have the opportunity to cross-examine Ms. Cross on the nature of the DNA results.  (***See*** appellant's brief at 37-38.)  This claim is belied by the record as trial counsel did cross-examine Ms. Cross.  (***See*** notes of testimony, 11/7/12 at 236-240.) Accordingly, we find that appellant's fourth issue is without arguable merit,

and the PCRA court did not abuse its discretion in denying this ineffective assistance of counsel claim.

Appellant has failed to show that "he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Johnson**, 139 A.3d at 1273. Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing.

For the foregoing reasons, we affirm the November 13, 2019 order of the PCRA court.

Order affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: _12/23/2020_