J-S30007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT KANE | : | |
| | : | |
| Appellant | : | No. 2159 EDA 2021 |

Appeal from the PCRA Order Entered September 23, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0000702-2017

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 14, 2022**

Appellant, Vincent Kane, appeals from the September 23, 2021 dismissal of his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA) filed in the Court of Common Pleas of Delaware County.[1] Appellant contends that the PCRA court erred in dismissing his petition because trial counsel did not have a reasonable basis for his actions/inactions, because trial counsel's actions were so prejudicial as to deny Appellant due

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court issued an opinion on September 23, 2021, which concluded with the declaration, "Petitioner's PCRA petition is hereby DISMISSED."  PCRA Court Opinion, 9/23/21, at 17.  No separate order was entered on the docket.

process and a fair trial, and because Appellant proved a **_Brady_**[2] violation. Upon review, we affirm.

In its factual and procedural history, the PCRA court explained that on September 22, 2016, a female student at Villanova University discovered a cell phone that was recording people as they used a bathroom in a unisex dormitory. The student took the phone to campus security personnel who, in turn, took it to the Criminal Investigative Division ("CID") of the Delaware County District Attorney's Office.

CID detectives confirmed with a deputy district attorney that no warrant was required to search the phone because it was abandoned. A search of the phone disclosed that it was owned by Appellant and that it contained video from the bathroom, along with child pornography and "upskirt videos" of women.

CID detectives conducted a voluntary interview of Appellant at Villanova, during which he admitted to recording the bathroom and upskirt videos and to possessing child pornography. He also consented to a search of his laptop and hard-drive computer in his home, noting that more images would be found on those devices.

CID detectives obtained a search warrant for the devices and discovered additional images of child pornography, upskirt and bathroom videos, and

_____

[2] **_Brady v. Maryland_**, 373 U.S. 83 (1963).

images of young girls in gym shorts at a local high school. They learned that Appellant had a username to the website "4chan," an anonymous social media site where pornographic images are posted. After discovering the images and videos, the detectives secured an arrest warrant and arrested Appellant on October 26, 2016.

Appellant was initially charged with 70 counts, including multiple counts of invasion of privacy and possession of child pornography. Prior to a stipulated bench trial conducted on November 28, 2017, the Commonwealth withdrew all but ten counts. The ten remaining charges included one count each of filming/depicting a sexual act on the computer (F1), possession of child pornography (F2), intercepting communication facilities (F3), criminal use of a communication facility (F3), and designing/copying obscene material (M1), as well as five counts of invasions of privacy (M2).[3] **See** PCRA Court Opinion, 9/23/21, at 1-2.

The PCRA court explained that Appellant was represented by a succession of attorneys. Pertinent to our discussion, his first attorney post-preliminary hearing filed a motion to suppress cell phone records obtained as a result of a warrantless search. The motion was denied but the issue was preserved for direct appeal. His next attorney, Scott Godshall, Esq., sought out a local expert witness to provide a supportive report for trial. Following

---

[3] 18 Pa.C.S.A. §§ 901(a), 6312(d), 5703(1), 7512(a), 5903(a)(3)(i), and 7507.1(a)(1), respectively.

review, the expert suggested not preparing a report because the evidence was damning. *Id.* at 3 (citing Notes of Testimony ("N.T."), Evidentiary Hearing, 5/11/21, at 82-84).

Appellant's father then hired analysts from Loehrs & Associates in Arizona to review the evidence and prepare a report. An agent from that company traveled to Delaware County to view the evidence but was "unthrilled with the manner and circumstances in which [the agent was] allowed to inspect the evidence." *Id.* (citing N.T., Evidentiary Hearing, at 104-05).

Attorney Godshall filed a motion to withdraw his appearance on October 17, 2017, "based on irreconcilable differences where [Appellant's] father constantly attempted to hire new attorneys to undertake legal representation for his son." *Id.* at 3-4 (citing N.T., Evidentiary Hearing, 5/11/22, at 86-87). While awaiting a ruling on the motion to withdraw, Attorney Godshall filed a motion to compel, contending Loehrs & Associates was not afforded "adequate time, access, and equipment to perform their forensic review of the evidence." *Id.* at 4. On October 31, 2017, the date set for trial, the trial court granted Attorney Godshall's motion to withdraw and set a new trial date of November 27, 2017. *Id.*

Michael Fienman, Esq., entered his appearance for Appellant on October 30, 2017, and subsequently supplemented the motion to compel with a memorandum of law in support, contending the Commonwealth "has yet to disclose to [Appellant] or their computer forensic experts, the specific

electronic discovery in their possession deemed to be 'chargeable files.'" *Id.* at 4 (quoting Memorandum of Law at 6). The PCRA court observed, "This was included in the Memorandum despite the fact that Loehrs had viewed the evidence at least twice at CID offices and a previous defense expert reviewed the evidence before [Appellant's] father hired Loehrs." *Id.* At the conclusion of a November 20, 2017 hearing on the motion to compel, the trial court denied the motion. *Id.*

A jury was selected on November 27, 2017. However, the following day, the parties proceeded to a stipulated bench trial.

As the PCRA court explained:

[Appellant] agreed to waive his right to a jury trial in exchange for the Commonwealth only proceeding on five counts of invasion of privacy, three counts of possession of child pornography, and two counts of criminal communication facilities related to the use of [Appellant's] cellphone. A non-jury trial occurred on November 28, 2017, where the evidence was mostly admitted by stipulation. Mr. Fienman objected to one piece of evidence, audio evidence that he claimed he was just given that day, and that objection was sustained by the court. Following the stipulated non-jury trial, the court found [Appellant] guilty on all counts. On February 12, 2018, the court sentenced [Appellant] to serve [an aggregate term of 20 to 60 months of incarceration followed by eight years of consecutive probation]. *See* Certificate of Imposition of Judgment of Sentence. [Appellant] did not file a post-sentence motion.

*Id.* at 4-5.

On direct appeal, Appellant's first appellate counsel filed a timely notice of appeal and a Rule 1925(b) statement of errors. His next counsel filed an amended Rule 1925(b) statement. In his direct appeal, Appellant challenged

the denial of his motion to suppress the warrantless search of his cell phone. On May 9, 2019, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Kane**, 210 A.3d 324 (Pa. Super. 2019). Our Supreme Court denied his petition for allowance of appeal on October 21, 2019, and the United States Supreme Court denied his petition for writ of certiorari on April 6, 2020.

On March 12, 2020, Appellant filed a counseled PCRA petition. The petition was deemed premature due to the petition for writ of certiorari still pending before the United States Supreme Court. After that petition was denied, Appellant was given leave to file an amended petition and did so on May 12, 2020. The PCRA court held a bifurcated evidentiary hearing in May and July 2021, after Appellant filed a number of amended petitions and corrective pleadings. At the conclusion of the July 2021 proceedings, the parties submitted additional briefs. On September 23, 2021, the PCRA court issued its opinion in which it dismissed Appellant's petition. **See** n.1. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[4]

Appellant asks us to consider three issues in this appeal:

1. Overall, did the PCRA court err in finding that Appellant failed to establish that trial counsel did not have a reasonable basis for his actions(s)/inaction(s)?

---

[4] We remind Appellant that Pa.R.A.P. 2111(a)(11) and (d) direct that an appellant is to append a copy of the Rule 1925(b) statement to the appellate brief.

2. Relatedly, did the Appellant demonstrate that trial counsel's actions were so prejudicial as to have denied him due process and a fair trial?

3. Did the PCRA court err in finding that [Appellant] failed to prove a *Brady* violation?

Appellant's Amended Brief at 3.

On appeal from the denial of a PCRA petition, we "examin[e] whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012) (citation omitted). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

With respect to claims of ineffective counsel, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310, 322 (2007) (explaining that "appellants continue to bear the burden of pleading and proving each of

the ***Pierce***[5] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

Appellant first argues that the PCRA court erred in finding that Appellant failed to establish trial counsel's lack of a reasonable basis for "his action(s)/inaction(s)." Appellant's Amended Brief at 3. He next argues, "relatedly," that Appellant demonstrated that trial counsel's actions so prejudiced him so as to deny him due process and a fair trial. ***Id.*** The PCRA court addressed these broadly-phrased issues together, in terms of a claim of ineffectiveness "throughout this trial in various ways including but not limited to agreeing to numerous factual stipulations during [Appellant's] stipulated non-jury trial . . . and [trial counsel's] failure to file a post-sentence motion." Trial Court Opinion, 9/23/21, at 6. We likewise consider the issues together.

We first recognize that while the trial court obtained a written waiver of jury trial and conducted a colloquy on the record regarding Appellant's decision to proceed to a bench trial, there was no separate colloquy with respect to stipulations. Citing ***Commonwealth v. Davis***, 322 A.2d 103 (Pa. 1974), Appellant argues that trial counsel's failure to object to the lack of a

---

[5] ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001) (reiterating the well-settled elements of the ineffectiveness test, as rephrased in ***Cooper*** and quoted in this excerpt from ***Wholaver***).

colloquy constituted ineffectiveness because the factual stipulations "made the finding of guilt a 'foregone conclusion.'" Appellant's Brief at 18 (quoting *Davis*, 322 A.2d at 105). However, as the PCRA court recognized, "[s]tipulations are part of strategy in the overall case," and "[t]he test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record, but whether counsel's decision had any reasonable basis to effectuate or advance the interests of [Appellant]." *Id.* at 11.

Here, a jury was empaneled and the case was ready to proceed to trial. The record reflects that Appellant did not want to go to trial before a jury, nor did prior counsel, Attorney Godshall, encourage a guilty plea in light of what was thought to be a strong suppression issue preserved for appeal. *See* N.T., Evidentiary Hearing, 5/11/21, at 40, 54. A stipulated bench trial provided an alternative that would enable Appellant to pursue that issue on appeal. As the PCRA court observed:

> [Appellant] was fully aware of trial counsel's strategy regarding having a stipulated non-jury trial. [Appellant] had discussed this strategy at length with prior counsel, Scott Godshall, Esquire, and reviewed it with trial counsel, Michael Fienman, Esquire, as well.[6] Trial counsel had no reason to complain as the strategy of proceeding with a stipulated non-jury trial in this matter had been fully discussed with [Appellant].

---

[6] Attorney Fienman testified that "[a]ll the stipulations were reviewed with Mr. Kane prior to sitting down with the Judge." N.T., Evidentiary Hearing, 5/11/21, at 39.

***Id.*** at 12.[7]  As the Commonwealth recognizes:

> There was no failure to consult with [Appellant] resulting in any prejudice.  Whether or not the trial judge erred by not undertaking an on-the-record colloquy is not at issue at the PCRA state.  Trial counsel cannot be faulted for failing to complain to the court when he and his client had fully discussed the strategy of proceeding with a stipulated non-jury trial.  [Appellant's] assertion of ineffective assistance fails where, as here, it is meritless.

Commonwealth Brief at 17.

    As noted above, a PCRA petitioner's failure to establish any prong of the ineffectiveness test is fatal to his claim.  Here, we find the PCRA court's factual findings are supported by the record and its legal conclusion—that counsel had a reasonable basis for his actions, *i.e.*, the second prong of the ineffectiveness test—is free of error.

    With respect to the failure to file post-trial motions, the PCRA court rejected Appellant's assertion that trial counsel was ineffective because Appellant was prevented from challenging the weight and sufficiency of the evidence.  Clearly, sufficiency of evidence could have been asserted on direct appeal.  ***See, e.g., Commonwealth v. Orellana***, 86 A.3d 877, 879 (Pa. Super. 2014) (counsel not required to file post-sentence motion to preserve a challenge to sufficiency of evidence); Pa.R.Crim.P. 606(A)(7).  Trial counsel

---

[7] Appellant also relies on ***Commonwealth v. Williams***, 443 A.2d 338 (Pa. Super. 1982), in which this Court concluded that there was no indication counsel's strategy was sound when counsel did not object to the lack of a colloquy prior to a stipulation.  ***See*** Appellant's Brief at 19.  By contrast, here, counsel's strategy enabled Appellant to avoid going before a jury and avoid pleading guilty, thus preserving his suppression issue for appeal.

cannot be found ineffective in that regard. As for the weight of the evidence, the PCRA court rejected the assertion of ineffectiveness because

> there was not a legitimate basis to challenge the . . . weight of the evidence in this case. The evidence in this matter was compelling and uncontradicted by any defense evidence. Trial counsel cannot be faulted for failing to preserve a meritless issue for an appeal and as such this claim is without merit.
>
> . . .
>
> This ineffectiveness claim also fails because [Appellant] failed to show prejudice by a preponderance of the evidence. Specific to the weight of the evidence toward Possession of Child Pornography, the CID forensic reports indicated that at least four (4) of the images were likely viewed knowingly. Additionally, [Appellant] did not present any evidence at trial to call the CID reports into question. Therefore, even if [trial counsel] had been ineffective, which this court finds he was not, the omission in question did not prejudice [Appellant's] case. None of the issues or claims pursued by [Appellant] at the PCRA hearing would have garnered relief for [Appellant] even if they had been preserved for appeal. Trial counsel cannot be faulted for failing to preserve a meritless issue for an appeal or filing a frivolous motion. This ineffectiveness of counsel claim lacks merit[.]

PCRA Court Opinion, 9/23/21, at 10-11. We find the PCRA court's factual findings are supported by the record and its legal conclusions—that the claim lacks arguable merit and that Appellant was not prejudiced, *i.e.*, the first and third prongs of the ineffectiveness test—are free of error. Appellant is not entitled to relief on either of his first two issues.

In his third issue, Appellant argues PCRA court error for concluding that Appellant did not prove a ***Brady*** violation. Appellant argues that the Commonwealth withheld a second forensic report, which trial counsel contends was not turned over until the day of the stipulated trial.

- 11 -

As Appellant recognizes:

> In order for a defendant to establish the existence of a ***Brady*** violation, a Petitioner must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the Plaintiff; and (3) the evidence was material, in that its omission resulted in prejudice to the Petitioner. ***Commonwealth v. Haskins***, 60 A.3d 538, 545 (Pa. Super. 2012).

Appellant's Brief at 23 n.2.

The PCRA court rejected Appellant's claim, explaining:

> The standard of materiality adopted by the [United States] Supreme Court applies to all ***Brady*** claims raised in Pennsylvania. Evidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [***Commonwealth v. Lambert***, 884 A.2d 848 (Pa. 2005)]; ***Commonwealth v. Ferguson***, 866 A.2d 403 (Pa. Super. 2004).

> In this case, [Appellant] has failed to make the required showing. Based on the testimony at the evidentiary hearing, the court finds that all non-contraband evidence was prepared in a packet and handed to Attorney Scott Godshall well ahead of trial in the matter. The only evidence he could not leave CID with was the forensic contraband evidence, *i.e.*, the images of child pornography and "upskirt videos." However, that evidence was viewed by Mr. Godshall and both sets of defense forensic experts in the CID office well before trial. Additionally, Scott Godshall, Esquire, testified at the evidentiary hearing that the Commonwealth provided everything he asked for in discovery "pretty promptly." This included both of the CID forensic reports. Michael Fienman, Esquire, testified that he received [Appellant's] defense file from Attorney Godshall.

> . . .

> The court finds the testimony of Mr. Fienman incredible as it relates to the second forensic report allegedly being sprung on him at the "11th hour." Counsel went from not remembering if or when a second CID forensic report was produced to having a vivid

- 12 -

> recollection of this alleged incident including his conversation with his client about it. However, when [Appellant] testified[,] he had no recollection of this happening or a conversation with counsel. Additionally, Assistant District Attorney Boggs testified that he had no recollection of turning over his report in the courtroom on the day of trial.

PCRA Court Opinion, 8/23/21, at 14-15 (citations to evidentiary hearing transcript omitted). As the Commonwealth observes, the lack of credence in Attorney Fienman's account of having the second report sprung on him on the morning of trial is bolstered by the fact Attorney Fienman did assert an objection—which the trial court sustained—to admission of the audio portion of Appellant's statement because counsel had not received the audiotape prior to trial. "As to the second, now contested forensic report, trial counsel had no objection to its admission and voiced no complaint about only receiving it on the day of the trial." Commonwealth Brief at 19.

Because Appellant failed to establish that evidence was suppressed by the Commonwealth, he has failed to establish the underlying merit of a ***Brady*** claim. Therefore, he is not entitled to relief. We find no error in the PCRA court's rejection of the claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/14/2022</u>